Rockingham, ⎱
April 6, 1909. ⎰

### HEALEY, *Adm'r, Ap't,* v. WHEELER *& a.*

Section 1, chapter 113, Laws 1901, was intended to enlarge the rights of a
    widow in the personal estate of her deceased husband only when he leaves
    no issue surviving him.

PROBATE APPEAL. The question whether the appeal should
be sustained or dismissed was transferred from the October term,
1908, of the superior court by *Pike*, J., without a ruling, on an
agreed statement of facts.

The defendants' father died in 1904, intestate, leaving personal
estate, a widow, and four children. After payment of debts and
expenses of administration, the personal estate remaining in the
hands of the administrator was less than $150, which the probate
court ordered to be divided as follows: one third part thereof to
the widow or to her administrator, and the remaining two thirds in
equal shares to the four children. From this decree the widow's
administrator appealed.

*John T. Bartlett,* for the plaintiff.

*L. Ashton Thorp* and *Harry W. Spaulding,* for the defendants.

YOUNG, J. The only question for this court is whether section
1, chapter 113, Laws 1901, applies to clauses I and II of section
10, chapter 195, Public Statutes, or to the latter clause only.
Section 1, chapter 113, Laws 1901, reads as follows: " Section 10
of chapter 195 of the Public Statutes is hereby amended by add-
ing after the word ' him ' in clause numbered ' II ' of said section
the following words: Provided, however, that if such remaining
portion does not exceed in value the sum of fifteen hundred dol-
lars, and if he dies intestate, then she shall be entitled to the
whole thereof; and in case the value thereof exceeds the sum of
fifteen hundred dollars, but does not exceed the sum of three
thousand dollars, she shall be entitled to the sum of fifteen hun-
dred dollars. So that said section when amended shall read as
follows: Sect. 10. The widow of a person deceased, testate or
intestate, by waiving the provisions of his will in her favor, if any,
shall be entitled, in addition to her dower and homestead rights,
as her distributive share, to the following portion of his per-
sonal estate remaining after the payment of debts and expenses
of administration.

I. One third part thereof, if he leaves issue surviving him.

II. One half thereof, if he leaves no issue surviving him. Provided, however, that if such remaining portion does not exceed in value the sum of fifteen hundred dollars, and if he dies intestate, then she shall be entitled to the whole thereof; and in case the value thereof exceeds the sum of fifteen hundred dollars, but does not exceed the sum of three thousand dollars, she shall be entitled to the sum of fifteen hundred dollars."

As section 1, chapter 113, Laws 1901, purports to amend clause II, there is a presumption that that is the only clause to which the legislature intended it should apply. There is nothing in the act itself or the subject-matter to which it relates that in any way tends to rebut this presumption; and it seems clear from the amendment itself that it was not intended to apply to clause I. If the amendatory act does apply to the latter clause, and its words are given their ordinary meaning, a widow whose husband leaves just $3,000 gets $500 more than she would if he left $3,000.01; for if he leaves just $3,000 she gets $1,500, but if he leaves more she gets one third of his estate. The absurdity of this result is evidence that such a construction was not intended. *Kendall* v. *Green*, 67 N. H. 557, 563. It is held, therefore, that section 1, chapter 113, Laws 1901, applies to clause II only. Consequently the order in this case should be: Appeal dismissed; decree of the probate court affirmed.

*Case discharged.*

All concurred.